# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:17cv133-FDW

| | | |
|---|---|---|
| **DAVID MICHAEL WILSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **CYNTHIA D. THORTON,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**THIS MATTER** is before the Court upon Petitioner David Michael Wilson's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Also before the Court is Petitioner's Motion to proceed in forma pauperis.  (Doc. No. 2.)

Petitioner is a prisoner of the State of North Carolina.  He filed the instant habeas Petition on May 19, 2017.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directs district courts to examine habeas petitions promptly.  Rule 4, 28 U.S.C.A. foll. § 2254.  When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition.  Id.

Rule 2(c) of the Rules Governing Section 2254 Cases requires a Petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief.  Rule 2(c), 28 U.S.C.A. foll. § 2254.  Petitioner has done neither.  The Petition merely lists a partial procedural history of Petitioner's state proceedings.  It is, therefore, impossible for the Court to determine whether Petitioner is entitled to any relief.

The Petition for Writ of Habeas Corpus shall be dismissed without prejudice.  Should

Petitioner wish to file a § 2254 habeas petition in the future, he must specify grounds for relief and state the facts that support each ground for relief or risk having his habeas petition dismissed a second time for failing to supply enough information to survive initial review.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**;

2. Petitioner's Motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED** for the limited purpose of this Court's review;

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: May 31, 2017

Frank D. Whitney
Chief United States District Judge